**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 101 Pipe & Casing Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Kingman Farms LLC, *et al.*,<br><br>Defendants. | No. CV-15-08279-PCT-JJT<br><br>**ORDER** |

At issue are Plaintiff 101 Pipe & Casing Incorporated's Motion for Summary Judgment (Doc. 30, Mot.), to which Defendant James Rhodes did not file a response, and this Court's March 3, 2017 Order to Show Cause (Doc. 37), to which Defendant also failed to file a response.

**I.      BACKGROUND**

Plaintiff filed its Complaint on November 18, 2015. (Doc. 1.) On September 13, 2016, Defendant Kingman Farms LLC filed a Notice of Filing Bankruptcy. (Doc. 27.) As a result, this Court ordered the claims against Kingman Farms were stayed and would be dismissed without further notice on November 14, 2016. (Doc. 28.) On January 18, 2017, the Court dismissed the claims against Kingman Farms LLC pursuant to its previous Order. (Doc. 32.) On January 10, 2017, Plaintiff brought the current Motion seeking summary judgment against Defendant James Rhodes. (Doc. 30.) On January 20, 2017, Defendants' former counsel filed a stipulation for extension of time to respond to Plaintiff's Motion, purportedly to allow Defendant time to retain new counsel. (Doc. 33.)

The Court granted that stipulation, as well as counsel's subsequent motion to withdraw (Doc. 34), on March 7, 2017. (Doc. 36.) In that Order, the Court stated that "Defendant James Rhodes shall either retain counsel who shall file a notice of appearance in this matter by February 27, 2017, or file a notice by that date advising that he intends to proceed in *pro se*." (Doc. 36.) Defendant failed to do either and subsequently failed to file a timely opposition to Plaintiff's Motion. On March 7, 2017, this Court ordered that Defendant show cause why the Court should not grant Plaintiff's Motion by March 17, 2017. (Doc. 37.) Again, Plaintiff failed to abide by the Court's Order, and the Court now considers Plaintiff's Motion and Defendant's failure to respond to that Motion, or this Court's multiple Orders.

**II.    LEGAL STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

## III. ANALYSIS

### A. Summary Judgment

Plaintiff seeks summary judgment on the grounds that Defendant is in breach of contract and owes unpaid principal balance of $580,021.50, plus late fees, interest, attorneys' fees, and court costs pursuant to his contractual obligations. (Mot. at 2.) Plaintiff presents uncontroverted facts that it contracted with Kingman Farms for Plaintiff to provide steel pipe and other related items. Kingman Farms, now in bankruptcy, failed to pay the principal balance on that contract, despite receiving its benefit. As such, Kingman Farms breached the contract. Because Defendant guaranteed the payment of Kingman Farms, Plaintiff now seeks to recover its damages against him.

After Plaintiff filed its Motion for Summary Judgment, this Court (1) directed Defendant to file an opposition showing a triable issue and (2) explicitly warned him that his failure to do so could be construed as his consent to the granting of Plaintiff's Motion pursuant to Local Rule of Civil Procedure 7.2(i). (Doc. 37.) Previously, after his counsel withdrew from the matter, the Court cautioned Defendant that he would be "held to comply with all court orders in this matter, as well as the Federal Rules of Civil Procedure, the Local Rules of Practice for the District Court of Arizona, the Federal Rules of Evidence and any other applicable federal rules." (Doc. 36.) Despite having been given two opportunities to do so, Defendant failed to comply with the Court's directives. As such, the Court is warranted in granting Plaintiff's Motion solely due to Defendant's lack of response and failure to comply with this Court's Orders. LRCiv 7.2(i) ("if the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily"); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994) (upholding district court's grant of summary judgment where *pro se* Plaintiff was warned of the consequence of his failure to respond to a motion for summary judgment); *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (noting that "[a] local rule that requires the entry of summary judgment simply

because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with [Fed. R. Civ. P.] 56, hence impermissible under [Fed. R. Civ. P.] 83," but finding that when the local rule does not require, but permits the court to grant summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion).

Even were the Court required to conduct a detailed review of Plaintiff's Motion and supportive evidence, which it is not, the Plaintiff is entitled to summary judgment. Fed. R. Civ. P. 56(a); *see also Carmen v. S.F. Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found"). First, in failing to file a separate, contravening statement of facts as mandated by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(b), Defendant has provided further grounds for summary disposition against him. *See Malcomson v. Topps Co.*, No. CV-02-2306-PHX-GMS, 2010 WL 383359, at *3 (D. Ariz. Jan. 28, 2010) (failure to present evidence supporting an alternative version of facts precludes determination that there is a genuine issue for trial). Second, without a separate statement of facts, or any filings whatsoever, Defendant has also failed to provide admissible evidence contradicting Plaintiff's claims as required under Local Rule 56.1(b). Thus, each paragraph of Plaintiff's Statement of Facts is deemed admitted. *See Molina v. Phoenix Union High Sch. Dist.*, No. CIV 05-0751-PHX-SMM, 2007 WL 1412530, at *2 (D. Ariz. May 14, 2007) (deeming facts not controverted by opposing party admitted). Third, Plaintiff's filings put forth adequate and inherently uncontroverted evidence supportive of each element of its claim: that (1) the parties contracted for the delivery of product; (2) Plaintiff supplied Kingman Farms with the agreed products; (3) Kingman Farms failed to pay Plaintiff for the full amount of materials supplied; (4) Plaintiff has incurred damages represented by its unpaid principal and the continuing costs associated with it; and (5) that Defendant is liable to Plaintiff as the guarantor of the debt. Accordingly, the Court will grant Plaintiff's Motion for

Summary Judgment. *See United States v. Krieg*, No. C14-01265 CRB, 2014 WL 4178197, at *1 (N.D. Cal. Aug. 1, 2014) (finding it permissible to grant summary judgment when the non-movant has failed to respond to the court's show cause order and the Court has not identified either a genuine issue of material fact or any other reason to preclude judgment).

### B.    Attorneys' Fees and Costs

Pursuant to A.R.S. § 12-341 and the parties' contract, in which Defendant provides for a recovery of fees and costs should Plaintiff be required to initiate litigation under the agreement, Plaintiff requests its attorneys' fees and costs in bringing this action. The Court agrees that under A.R.S. § 12-341, as evidenced by the Past Due Accounts provision in the parties' agreement, Plaintiff is entitled to seek reasonable attorneys' fees and costs.

**IT IS THEREFORE ORDERED** granting Plaintiff 101 Pipe & Casing Incorporated's Motion for Summary Judgment (Doc. 30).

**IT IS FURTHER ORDERED** that Plaintiff 101 Pipe & Casing Incorporated shall file its application for attorneys' fees no later than April 28, 2017. The Court will decide what attorneys' fees and costs will be awarded upon review of the parties' briefing.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in the amount of $580,021.50, which shall bear post-judgment interest at the federal rate from the date of Judgment until paid, and close this matter.

Dated this 3rd day of April, 2017.

Honorable John J. Tuchi
United States District Judge